ELECTRONICALLY FILED
8/2/2018 10:16 AM
01-CV-2018-902929.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

FILED
2018-Jul-28  PM 04:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CAROLYN HAMMELL, WILLIAM JOHNSON, LARRY JONES, WILLIAM JONES, LEE KELLY, DOUGLAS LEE, DREA ELIZABETH LOVEJOY (a minor) who sues by and through her mother and next of kin Jacques Lovejoy, JACQUES LOVEJOY, RODREQUEZ LOVEJOY (a minor) who sues by and through his mother and next of kin Jacques Lovejoy, MARSHELE MARTIN, BETTY MCCLOUD, FRANK MCDANIELS, JANICE MCDONALD, JD MCKINNEY, LARRY MICKENS, ARB MILLHOUSE, BOBBY MOORE, MARY MOSS, TRAMAINE MOSS, VERNA MOSS, SANDRA NIXON, LORETTA PATTERSON, LEBARRON PEOPLES, AQUELIA PLUMP, CLARENCE RICKETT, DARIAN RICKETT, JENNIFER RICKETT, LOUIS ROBERTSON, BARBARA ROWSER, DWIGHT ROYAL, ROBERT RUDOLPH, BRADLEY SCARBOROUGH, BRYANT SCOTT, CHRISTOPHER SCRUGGS, ARETHER SHINNERY, COREY SIMPSON, GAIL SKANES, HENRY SMITH, JAYLA SMITH, KEVIN SNOW, TYLER STRINGER, EDWIN TANNER, PATRICIA TERRELL, EDWARD TURNER, SHREE TURNER, BRANDON URQUHART, KEIOCA URQUHART, LETHA URQUHART, SHELIA VAUGHNER, JACQUELINE WALKER, MARTRINA WALKER, SENATA WATERS, PAMELA WEATHERSPOON, CHANERIA WESLEY, THEODORE WILLIAMS, HERMAN WILLS, ROBERT WILLS, CHARLIE ZEIGLER,

　　　　Plaintiffs,

　　　　vs.

GRANITE CONSTRUCTION COMPANY, INC.; VOLKERT, INC.; RUSSO CORPORATION; TORTORIGI CONSTRUCTION, INC.; ABRAMSON, LLC; A.G. PELTZ GROUP, LLC; AND FICTITIOUS DEFENDANTS NOS. 1 THROUGH 65,

　　　　Defendants.

}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}
}

CV No.: _____

Jury Trial Demanded

## **COMPLAINT**

1

COME NOW, Plaintiffs, CAROLYN HAMMELL, WILLIAM JOHNSON, LARRY JONES, WILLIAM JONES, LEE KELLY, DOUGLAS LEE, DREA ELIZABETH LOVEJOY (a minor) who sues by and through her mother and next of kin Jacques Lovejoy, JACQUES LOVEJOY, RODREQUEZ LOVEJOY (a minor) who sues by and through his mother and next of kin Jacques Lovejoy, MARSHELE MARTIN, BETTY MCCLOUD, FRANK MCDANIELS, JANICE MCDONALD, JD MCKINNEY, LARRY MICKENS, ARB MILLHOUSE, BOBBY MOORE, MARY MOSS, TRAMAINE MOSS, VERNA MOSS, SANDRA NIXON, LORETTA PATTERSON, LEBARRON PEOPLES, AQUELIA PLUMP, CLARENCE RICKETT, DARIAN RICKETT, JENNIFER RICKETT, LOUIS ROBERTSON, BARBARA ROWSER, DWIGHT ROYAL, ROBERT RUDOLPH, BRADLEY SCARBOROUGH, BRYANT SCOTT, CHRISTOPHER SCRUGGS, ARETHER SHINNERY, COREY SIMPSON, GAIL SKANES, HENRY SMITH, JAYLA SMITH, KEVIN SNOW, TYLER STRINGER, EDWIN TANNER, PATRICIA TERRELL, EDWARD TURNER, SHREE TURNER, BRANDON URQUHART, KEIOCA URQUHART, LETHA URQUHART, SHELIA VAUGHNER, JACQUELINE WALKER, MARTRINA WALKER, SENATA WATERS, PAMELA WEATHERSPOON, CHANERIA WESLEY, THEODORE WILLIAMS, HERMAN WILLS, ROBERT WILLS, and CHARLIE ZEIGLER, by and through undersigned counsel, and for their Complaint against Defendants, GRANITE CONSTRUCTION COMPANY, INC., VOLKERT, INC., RUSSO CORPORATION, TORTORIGI CONSTRUCTION, INC., ABRAMSON, LLC, A.G. PELTZ GROUP, LLC, and FICTITIOUS DEFENDANTS NOs. 1 through 65, and state as follows:

## **PARTIES**

**Plaintiffs**

1.     Plaintiff Carolyn Hammell is an adult resident of Jefferson County, Alabama.

2.     Plaintiff William Johnson is an adult resident of Jefferson County, Alabama.

3.     Plaintiff Larry Jones is an adult resident of Jefferson County, Alabama.

4.     Plaintiff William Jones is an adult resident of Jefferson County, Alabama.

5.     Plaintiff Lee Kelly is an adult resident of Jefferson County, Alabama.

6.     Plaintiff Douglas Lee is an adult resident of Jefferson County, Alabama.

7.     Plaintiff Drea Elizabeth Lovejoy (minor), who sues by and through her mother and next of kin, Jacques Lovejoy, is a resident of Jefferson County, Alabama.

8.     Plaintiff Jacques Lovejoy is an adult resident of Jefferson County, Alabama.

9.     Plaintiff Rodrequez Lovejoy (minor), who sues by and through his mother and next of kin, Jacques Lovejoy is a resident of Jefferson County, Alabama.

10.    Plaintiff Marshele Martin is an adult resident of Jefferson County, Alabama.

11.    Plaintiff Betty McCloud is an adult resident of Jefferson County, Alabama.

12.    Plaintiff Frank McDaniels is an adult resident of Jefferson County, Alabama.

13.    Plaintiff Janice McDonald is an adult resident of Jefferson County, Alabama.

14.    Plaintiff JD McKinney is an adult resident of Jefferson County, Alabama.

15.    Plaintiff Larry Mickens is an adult resident of Jefferson County, Alabama.

16.    Plaintiff Arb Millhouse is an adult resident of Jefferson County, Alabama.

17.    Plaintiff Bobby Moore is an adult resident of Jefferson County, Alabama.

18.    Plaintiff Mary Moss is an adult resident of Jefferson County, Alabama.

19.    Plaintiff Tramaine Moss is an adult resident of Jefferson County, Alabama.

20.    Plaintiff Verna Moss is an adult resident of Jefferson County, Alabama.

21.     Plaintiff Sandra Nixon is an adult resident of Jefferson County, Alabama.

22.     Plaintiff Loretta Patterson is an adult resident of Jefferson County, Alabama.

23.     Plaintiff Lebarron Peoples is an adult resident of Jefferson County, Alabama.

24.     Plaintiff Aquelia Plump is an adult resident of Jefferson County, Alabama.

25.     Plaintiff Clarence Rickett is an adult resident of Jefferson County, Alabama.

26.     Plaintiff Darian Rickett is an adult resident of Jefferson County, Alabama.

27.     Plaintiff Jennifer Rickett is an adult resident of Jefferson County, Alabama.

28.     Plaintiff Louis Robertson is an adult resident of Jefferson County, Alabama.

29.     Plaintiff Barbara Rowser is an adult resident of Jefferson County, Alabama.

30.     Plaintiff Dwight Royal is an adult resident of Jefferson County, Alabama.

31.     Plaintiff Robert Rudolph is an adult resident of Jefferson County, Alabama.

32.     Plaintiff Bradley Scarborough is an adult resident of Jefferson County, Alabama.

33.     Plaintiff Bryant Scott is an adult resident of Jefferson County, Alabama.

34.     Plaintiff Christopher Scruggs is an adult resident of Jefferson County, Alabama.

35.     Plaintiff Arether Shinnery is an adult resident of Jefferson County, Alabama.

36.     Plaintiff Corey Simpson is an adult resident of Jefferson County, Alabama.

37.     Plaintiff Gail Skanes is an adult resident of Jefferson County, Alabama.

38.     Plaintiff Henry Smith is an adult resident of Jefferson County, Alabama.

39.     Plaintiff Jayla Smith is an adult resident of Jefferson County, Alabama.

40.     Plaintiff Kevin Snow is an adult resident of Jefferson County, Alabama.

41.     Plaintiff Tyler Stringer is an adult resident of Jefferson County, Alabama.

42.     Plaintiff Edwin Tanner is an adult resident of Jefferson County, Alabama.

43.     Plaintiff Patricia Terrell is an adult resident of Jefferson County, Alabama.

44.     Plaintiff Edward Turner is an adult resident of Jefferson County, Alabama.

45.     Plaintiff Shree Turner is an adult resident of Jefferson County, Alabama.

46.     Plaintiff Brandon Urquhart is an adult resident of Jefferson County, Alabama.

47.     Plaintiff Keioca Urquhart is an adult resident of Jefferson County, Alabama.

48.     Plaintiff Letha Urquhart is an adult resident of Jefferson County, Alabama.

49.     Plaintiff Shelia Vaughner is an adult resident of Jefferson County, Alabama.

50.     Plaintiff Jacqueline Walker is an adult resident of Jefferson County, Alabama.

51.     Plaintiff Martrina Walker is an adult resident of Jefferson County, Alabama.

52.     Plaintiff Senata Waters is an adult resident of Jefferson County, Alabama.

53.     Plaintiff Pamela Weatherspoon is an adult resident of Jefferson County, Alabama.

54.     Plaintiff Chaneria Wesley is an adult resident of Jefferson County, Alabama.

55.     Plaintiff Theodore Williams is an adult resident of Jefferson County, Alabama.

56.     Plaintiff Herman Wills is an adult resident of Jefferson County, Alabama.

57.     Plaintiff Robert Wills is an adult resident of Jefferson County, Alabama.

58.     Plaintiff Charlie Zeigler is an adult resident of Jefferson County, Alabama.

59.     At all relevant times, all of the Plaintiffs were and are citizens of the State of Alabama.

60.     All of the Plaintiffs are and/or were residents and occupiers of property located in and around the Fountain Heights neighborhood – near the I-20/59 and I-65 interchange in Birmingham, Alabama – and were all affected by the alleged wrongful acts/omissions during the time of the occurrence of the acts/omissions alleged and complained of herein.

5

**Joinder for Pretrial Purposes Only**

61.     The Plaintiffs' claims are properly joined in a single complaint pursuant to Alabama Rule of Civil Procedure 20 given that Plaintiffs' harm, injury and damage arise out of the same continuing event or occurrence related to the Defendants' alleged wrongful conduct and involve common questions of law and fact.  Plaintiffs' claims are joined solely for pretrial coordination, and Plaintiffs do not propose to have their claims tried jointly.

**Defendants**

62.     Defendant GRANITE CONSTRUCTION COMPANY, INC. ("Granite") is a California corporation, registered to and does operate a business in Alabama.

63.     Defendant VOLKERT, INC. ("Volkert") is an Alabama corporation with its principal place of business in Mobile, Alabama.   Volker is a citizen of Alabama.

64.     Defendant RUSSO CORPORATION ("Russo") is an Alabama corporation with its principal place of business in Birmingham, Alabama.   It is a citizen of Alabama.

65.     Defendant TORTORIGI CONSTRUCTION, INC. ("Tortorigi") is an Alabama corporation with its principal place of business in Alabama.   It is a citizen of Alabama.

66.     Defendants ABRAMSON, LLC ("Abramson") and A.G. PELTZ GROUP, LLC ("AG Peltz") are affiliated, limited liability companies with principal places of business in Alabama.  The member of both Abramson and AG Peltz, i.e., Abramson Gray Group, is an Alabama entity with its principal place of business in Birmingham, Alabama with its partners either Alabama citizen entities or individuals that are citizens of Alabama.   Accordingly, Abramson and AG Peltz are both citizens of Alabama.

67.     Fictitious Defendants 1 through 65, whether singular or plural, individual or

corporation, who are either Alabama corporations, foreign corporations or other entities that participated in the conduct that led to Plaintiffs' damages and injuries. There may be other entities whose true names and identities are unknown to the Plaintiffs at this time who may be legally responsible for the claims set forth herein who may be added by amendment by the Plaintiffs when their true names and identities are accurately ascertained by further discovery. Until that time, Plaintiffs will designate these parties in accordance with A.R.C.P. 9(h). The word entity as used herein is intended to refer to and include any and all forms of individuals, partnerships, any and all types of corporations and unincorporated associations. In the present action, the party defendants which the Plaintiffs must include by descriptive characterization are as follows:

> **FICTITIOUS DEFENDANT NOs. 1-2:** the proper legal designation for Defendant Granite Construction Company, Inc., Granite Construction, Inc., or the entity which owns and/or operates the business known as Granite Construction or its predecessor, successor, parent, subsidiary or other affiliated entities that were responsible for the wrongful conduct alleged herein;
>
> **FICTITIOUS DEFENDANT NOs. 3-4:** the proper legal designation for Defendant Volkert, Inc. or the entity which owns and/or operates the business known as Volkert or its predecessor, successor, parent, subsidiary or other affiliated entities that were responsible for the wrongful conduct alleged herein;
>
> **FICTITIOUS DEFENDANT NOs. 5-6:** the proper legal designation for Defendant Russo Corporation or the entity which owns and/or operates the business known as Russo Corporation or its predecessor, successor, parent, subsidiary or other affiliated entities that were responsible for the wrongful conduct alleged herein;
>
> **FICTITIOUS DEFENDANT NOs. 7-8:** the proper legal designation for Defendant Tortorigi Construction or the entity which owns and/or operates the business known as Tortorigi Construction or its predecessor, successor, parent, subsidiary or other affiliated entities that were responsible for the wrongful conduct alleged herein;
>
> **FICTITIOUS DEFENDANT NOs. 9-10:** the proper legal designation for Defendant Ambramson or the entity which owns and/or operates a business known as Abramson or its predecessor, successor, parent, subsidiary or other affiliated entities that were responsible for the wrongful conduct alleged herein;
>
> **FICTITIOUS DEFENDANT NOs. 11-12:** the proper legal designation for Defendant AG Peltz or the entity which owns and/or operates a business known as AG Peltz or its predecessor, successor, parent, subsidiary or other affiliated entities that were responsible

7

for the wrongful conduct alleged herein;

**FICTITIOUS DEFENDANTS NOs. 13-25:** whether singular or plural being that individual(s), entity or entities who or which were responsible for creating, causing or contributing to the nuisances, trespasses, physical injuries and other harms to the Plaintiffs that are the subject matter of this lawsuit, as alleged herein;

**FICTITIOUS DEFENDANTS NOs. 26-35:** whether singular or plural being that individual(s), entity or entities who or which were responsible for implementing standard precautions and/or other measures to prevent the harms to any of the Plaintiffs and/or reduce the negative effects on any of the Plaintiffs from the Project Phase II construction, as alleged herein;

**FICTITIOUS DEFENDANTS NOs. 36-40:** whether singular or plural being that individual(s), entity or entities that owned, operated, controlled, supervised and/or were otherwise responsible for the construction operations and activities during Phase II of the Project that caused or contributed to the harm, damages and injuries of any of the Plaintiffs.

**FICTITIOUS DEFENDANTS NOs. 41-55:** whether singular or plural being that individual(s), entity or entities that owned, operated, controlled, supervised and/or were otherwise responsible for the operations and activities of the named Defendants and other Fictitious Defendants during Phase II of the Project that caused or contributed to the harm, damages and injuries of any of the Plaintiffs.

**FICTITIOUS DEFENDANTS NOs. 56-60:** whether singular or plural being that individual(s), entity or entities whose negligence, or wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of Plaintiff's complaint;

**FICTITIOUS DEFENDANTS NOs. 61-65:** whether singular or plural being that individual(s), entity or entities other than entities described above, which is the successor in interest of any of those entities described above;

Plaintiffs aver that the identities of all the foregoing fictitious party defendants are otherwise unknown to the Plaintiffs at this time, or, if their names are known to the Plaintiffs at this time, their identities as proper party Defendants are not known at this time, but whose true and correct names will be substituted when ascertained.

## JURISDICTION & VENUE

68.     The acts and omissions complained of herein all occurred in Jefferson County, Alabama and are related to Defendants' work on the subject construction project which is wholly located in Jefferson County, Alabama.  Further, the harm, damage and injuries suffered by Plaintiffs all occurred in Jefferson County, Alabama – namely, in and around the Fountain Heights neighborhood.

69.     All of the claims in this action arise from a continuing occurrence or event that

occurred solely in the State of Alabama and resulted solely in injuries and damages in the State of Alabama.

70.     Each Plaintiff claims compensatory and/or punitive damages in an amount in excess of the Circuit Court of Jefferson County, Alabama's minimum jurisdictional limit.

## FACTUAL ALLEGATIONS

71.     Fountain Heights is one of Birmingham's earliest neighborhoods, with particular historical importance to our City, State and Nation as it is considered one of the birthplaces of the Civil Rights Movement, and forms part of the heart of the City's business and theatre districts. Much of hilltop community holds striking views of downtown, while many of its historic buildings were built in the 1800's with homes featuring double chimneys and wrap-around porches.   Recent efforts have been undertaken by residents to obtain funding and maintain and restore Fountain Heights.

72.     The I-59/20 Corridor innervates the Fountain Heights neighborhood and Birmingham's Central Business District.   In 2012, the Alabama Department of Transportation initiated Project No. IM-1059 (the "Project") to make massive improvements and expansions to the roads and bridges on certain sections of the I-59/20 Corridor located in Jefferson County, Alabama, within the Central Business District and the Fountain Heights neighborhood.

73.     Phase II of the Project began in 2016 and included substantial modifications at and around the I-20/59 and I-65 interchange and elsewhere along I-20/59.   Phase II included redesigning and constructing the new interchange ramps at I-65, widening I-59/20 from I-65 to Arkadelphia Road, installing new connector ramps into and out of downtown for northbound and

southbound I-65 and westbound I-59/20, grading, including massive movement, upheaval and transport of dirt and other construction aggregate, installing new storm drains, sanitary sewer lines and water lines, bridge widening; bridge demolition, constructing and installing new bridges, constructing retaining walls and installation of several miles of new concrete and steel beams. Phase II is supposed to be completed by August 31, 2018.

74.     Defendant Granite designs, build and constructs complex freeway systems. Granite was and is the general contractor for Phase II of the Project with supervisory control over almost all aspects of the Phase II construction.  Granite performed pervasive construction work for Phase II, which caused and contributed to Plaintiffs' harm, damage and injury alleged below.

75.     Defendant Volkert served as the lead engineer for the Project, including Phase II. Volkert supervised, directed and/or controlled the work performed on the Project, including the work of Granite and subcontractors.  Volkert provided construction designs and plans to Granite for use by Granite and subcontractors for the Project.  Volkert was continually onsite at the Project, received periodic reports on the project and monitored all aspects of work on the Project. Volkert knew or should have known that its construction designs and plans and its work at the site would cause and contribute to Plaintiffs' harm, damage and injury alleged below.

76.     Defendant Russo performed various and pervasive construction work for Phase II, including but not limited to deep foundation work, drilling, wet utility and specialty wall installation and earthwork, among other things, all of which caused and contributed to Plaintiffs' harm, damage and injury alleged below.

77.     Defendant Tortorigi performed various and pervasive construction work for Phase II, including but not limited to earthwork and drainage installation, among other things, all of

which caused and contributed to Plaintiffs' harm, damage and injury alleged below.

78.    Defendants Abramson, LLC and A.G. Peltz Group, LLC performed various and pervasive construction work for Phase II, including but not omitted to earthwork, heavy concrete demolition and construction, patching, pavement construction, among other things, all of which caused and contributed to Plaintiffs' harm, damage and injury alleged below

79.    Defendants' acts and omissions, individually and separately, combined to cause and contribute to each Plaintiffs' harm, damage and injury as alleged herein.

80.    During Phase II of the Project, it has been reported that Defendants will remove 5,000 tons of concrete, 1,000 tons of steel, 22,000 tons of asphalt, and 30,000 tons of earth and debris, with new materials including 52,000 cubic yards of concrete, 19,000 tons of steel, and 79,000 tons of asphalt.

81.    When work on Phase II reached critical momentum in or around late 2016, the Defendants' work began to result in significant and negative effects on the Plaintiffs, their residences/properties, and their possession, use and enjoyment of their residences, including but not limited to:

a.    Defendants' construction activities created, and continues to create, a massive amount of construction dust and dirt as well dust and dirt from Defendants' transportation of thousands of tons of dirt, aggregate and other construction materials.   Defendants' trucks also carry dirt and debris – uncovered – into and out of the construction area and through Plaintiffs' neighborhood.   As a result, a continual blanket of dust and dirt has been, and is still being, physically deposited on each Plaintiffs' respective properties throughout the Fountain

Heights neighborhood and surrounding areas. Photographs taken during Phase II construction show massive amounts of construction dust as well as "dirt storms" that almost completely block visibility. Plaintiffs have had to endure this continuous blanket of dust and dirt on their property, homes, patio's, porches and decks, and vehicles, as well as inside their homes. Plaintiffs have been unable to open their windows for fear of further contamination of the inside of their residences, including their eating sleeping and bathing areas. Plaintiffs also have had to cover their food to prevent contamination. Plaintiffs also incurred cleanup and remediation costs, some incurring relocation expenses. Among other things, these physical deposits of particulate matter on their property created a continuing legal nuisance and trespass.

b. The construction dust and dirt physically deposited and in the air on Plaintiffs' properties also caused physical harm and damage, causing or exacerbating ailments and illnesses such as headaches, eye irritation, lung and throat irritation, trouble breathing, asthma and COPD, among others. Construction dust is generally known to contain silica dust, sand, sandstone and granite, commonly found in many construction materials such as concrete and mortar, as well as gypsum, cement, limestone, and dolomite, all of which are often created during cutting, drilling and grinding, among other construction tasks. As reported by the CDC, breathing in particulate matter (dust and dirt) from construction can be harmful to health. The larger particles irritate a person's

eyes, nose, and throat while smaller particles can get into the deep parts of a person's lungs and even the blood. The CDC warns that construction particulates can worsen asthma symptoms and require an asthma management plan. Accordingly, Defendants' construction work has proximately caused or contributed to the onset of illnesses and ailments, as well as exacerbation of pre-existing illnesses and ailments, including but not limited to, headaches, respiratory problems, irritation of the eyes and airways, allergies, sleeping problems, nosebleeds, coughing, sinus infections, shortness of breath, and COPD, among other things, to Plaintiffs from the dust, and dirt and other particulates being physically deposited on Plaintiffs' properties and suspended in the air that they breath. As a result, these Plaintiffs have been caused to suffer medical expenses for treatment, physical pain and suffering and mental anguish and emotional distress, among other things.

c. The Defendants' construction also created a continuing, loud and unbearable noise nuisance for Plaintiffs, including noise at all hours of the night disturbing Plaintiffs' use and enjoyment of their properties as well as disrupting Plaintiffs' sleeping patterns. Some Plaintiffs are disabled or otherwise have medical conditions, including autism, where disturbed sleep has had significant and negative effects on their well-being. The loud and repetitive noise nuisance comes from Defendants' demolition activities, pile-driving, jack hammers, drilling, concrete cutting, and the operation of loud, heavy trucks and other construction vehicles near and in Plaintiffs' neighborhood, among other things.

Additional activities of Defendants created additional nuisances, which will be revealed in discovery.

d.  The Defendants' construction has also caused or contributed to damage/devaluation to Plaintiffs' properties, including, but not limited to: deposits of rocks, debris and other materials on some of the Plaintiffs' properties, damage to, or destruction of, structures, lawns, fences and other physical/structural or ornamental improvements to their property, disruption of surrounding soil causing shifting and settling of structures and structural cracks, among other things.

e.  Any other damages, injuries or harms that will be revealed in discovery.

82.     The deleterious effects of the Defendants' construction activities on Plaintiffs – in particular increased respiratory problems caused by the massive amounts of dust – was reported by WBRC Fox 6 News on March 20, 2017 in an article titled: *Fountain Heights Neighborhood Says Interstate Construction Causing Health Problems*.

83.     The schedule for the Phase II work has been reported as an "accelerated" schedule, with a completion deadline of August 31, 2018.   Granite has contractual, monetary incentives to complete Phase II by the August 31, 2018 deadline.   In fact, Granite will receive a $10 million bonus if the work is completed on or before August 31, 2018.   Granite also had contractual, monetary disincentives to not go beyond the August 31, 2018 deadline.   For example, Granite will incur a disincentive assessment of $200,000.00 each day construction went beyond the August 31, 2018 deadline.   As a result, Granite and its subcontractors hurried through their construction work, and failed to take certain preventative actions and measures to decrease or prevent the

harmful effects to Plaintiffs, as alleged herein, of the massive construction on the surrounding neighborhoods, including Fountain Heights. Upon information and belief, the subcontractor contracts, including those of the Defendants other than Granite, also contained incentives and/or disincentives provisions relative to the completion timeline. However, taking appropriate and standard measures to prevent and/or reduce the harm to the Plaintiffs would have slowed construction and, therefore, likely resulted in financial loss to Granite (and the subcontractors). Those preventative, harm-reducing measures that the Defendants failed to take include, but are not limited to, spreading mulch, placing tarps on trucks to cover dirt and construction materials, utilizing street sweepers and water trucks. Although it is reported that Defendants began utilizing these measures late in Phase II, insufficient measures were taken that failed to alleviate the harm to the Plaintiffs. The amount of construction activities, dust, dirt and aggregate being moved, and placed in the air, by Defendants remained high and the problems experienced by Plaintiffs continued.

84.     The Defendants, named and Fictitious, are responsible for the acts/omissions of their employees, agents and representatives, as alleged herein, that caused or contributed to the Plaintiffs' injuries, damages and harms.

85.     The following Counts are pleaded by each Plaintiff in the cumulative or in the alternative.

## COUNT I – TRESPASS

86.     Plaintiffs adopt and incorporate by reference the allegations contained in the preceding paragraphs.

87.     Plaintiffs had the right to exclusive possession of their respective properties as

15

owners or lawful tenants.   Plaintiffs either had title to, owned, or possessed their respective properties.

88.     Defendants, named and fictitious, intentionally entered and interfered with each Plaintiffs' right to exclusive possession continuously from late 2016, throughout 2017, into 2018, by intentionally performing work near Plaintiffs' properties that they knew would cause a foreign object or things, namely massive construction dust and dirt, to enter onto Plaintiffs' properties without consent, which continues to date. Defendants knew and intended for their construction to create massive amounts of dust and dirt and that it would enter Plaintiffs' properties.   Defendants reasonably should have known that their conduct could result in dust and dirt coming onto Plaintiffs' properties.     Further, Defendants caused other objects, debris and other construction-related materials to be left on some of the Plaintiffs' properties and/or failed to remove same.

89.     Defendants' conduct amounted to an unlawful interference with Plaintiffs' rights to exclusive possession, use and enjoyment of their respective properties.   Defendants' conduct was also wanton as Defendants knew that they were invading Plaintiffs' rights.   Plaintiffs allege a continuing trespass.   This continuing trespass caused emotional distress and/or physical injury to Plaintiffs, which was reasonably foreseeable to Defendants and they knew it was a trespass.

90.     Plaintiffs suffered substantial harm and damage as a proximate result.

## COUNT II – PRIVATE NUISANCE

91.     Plaintiffs adopt and incorporate by reference the allegations contained in the preceding paragraphs.

92.     The Defendants, named and fictitious, owed each of the Plaintiffs a duty to not

16

unlawfully interfere with his or her property rights, including the right to use and enjoy their property.

93.     The Defendants intentionally, unintentionally, and negligently breached their duties to the Plaintiffs.  As a result of Defendants' activities, Plaintiffs were forced to endure continuing and recurring private nuisances from dust and dirt, noise at all hours, foul odors such as fumes, and vibrations, among other things, and such conditions caused Plaintiffs to lose the use and enjoyment of their respective properties, to which they each had a legal right to possess, that caused harm to the land, caused physical harm and/or put Plaintiffs in immediate and actual risk of physical harm and/or emotional distress.

94.     The Defendants' actions worked harm on Plaintiffs and caused unlawful interference with their use and enjoyment of their respective properties and/or physical harm. The conditions created and caused by Defendants would negatively affect an ordinary, reasonable person, and the conditions did cause hurt, inconvenience and harm to Plaintiffs.

95.     Plaintiffs suffered damage as a proximate result.  The injurious effects of Defendants' activities were limited to Plaintiffs who were residents and occupiers of property in close proximity to where Defendants' activities took place.

## COUNT III - NEGLIGENCE

96.     Plaintiffs adopt and incorporate by reference the allegations contained in the preceding paragraphs.

97.     Defendants, named and fictitious, owed Plaintiffs a duty not to interfere with Plaintiffs' respective property rights and to not otherwise cause harm, physical or otherwise, to Plaintiffs.

98.     Defendants, named and fictitious, breached their duties to Plaintiffs by the conduct alleged herein.

99.     Plaintiffs suffered damage as a proximate result.

## COUNT IV – RECKLESSNESS

100.    Plaintiffs adopt and incorporate by reference the allegations contained in the preceding paragraphs.

101.    Defendants owed Plaintiffs a duty to not unlawfully interfere with each Plaintiffs' respective property rights and to not otherwise cause harm, physical or otherwise, to Plaintiffs.

102.    Defendants willfully, intentionally, and recklessly breached their duties to the Plaintiffs.

103.    Defendants knew that Plaintiffs would suffer harm as a result of their wrongful conduct.

104.    Plaintiffs suffered damage as a proximate result.

## COUNT V - WANTONNESS

105.    Plaintiffs adopt and incorporate by reference the allegations contained in the preceding paragraphs.

106.    Defendants owned Plaintiffs a duty to not interfere with each Plaintiffs' property rights and to not otherwise cause harm, physical or otherwise, to Plaintiffs.

107.    Defendants knew they were interfering with Plaintiffs property and other rights and causing harm to Plaintiffs.

108.    Nevertheless, Defendants continued to interfere with Plaintiffs' property rights after, and willfully, intentionally, and recklessly breached their duties to Plaintiffs.

18

109.     Plaintiffs suffered damage as a proximate result.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in such sums of compensatory damages as are allowed by law, including but not limited to property damage, mental anguish damages, medical expense, physical harm, and pain and suffering, special damages, punitive damages, and other damages incidental, consequential and otherwise to which each Plaintiff is entitled, and to the extent allowable under applicable law, litigation expenses, reasonable attorneys' fee, pre- and post-judgment interest, costs and such other and different relief as is just, proper and allowable, as a jury may assess after a full and fair consideration of the facts.

## JURY DEMAND

Plaintiffs demand trial by struck jury on all issues raised herein so triable.


/s/ *Jeffrey P. Leonard*
STEPHEN D. HENINGER (HEN007)
JEFFREY P. LEONARD (LEO019)
AMANDA WILLIAMSON (WIL398)
JEANIE SLEADD (SLE010)
*Attorneys for Plaintiffs*

*Of Counsel:*

HENINGER GARRISON DAVIS, LLC
2224 1ST Avenue North
Birmingham, Alabama 35203
Phone: 205.326.3336
Fax: 205.326.3332


/s/ *Frank S. Buck*
FRANK S. BUCK (BUC001)
RACHEL C. BUCK (BUC027)
D. DIRK THOMAS (THO142)
LINDSAY HEWITT (NAD003)
*Attorneys for Plaintiffs*

*Of Counsel:*

19

FRANK S. BUCK LAW OFFICE
2160 14th Avenue South
Birmingham, AL 35205
Phone: 205-933-7533
Fax:      205-933-7545

**Plaintiffs Addresses:**

| Name | Current Address |
| --- | --- |
| Hammell, Carolyn | 1123 15th Street North, Birmingham, AL 35204 |
| Johnson, William | 147 Tuscaloosa Avenue SW, Birmingham, AL 35211 (previously 1071 12th Avenue North, Birmingham, AL 35204) |
| Jones, Larry | 1049 12th Street North Birmingham, AL 35203 |
| Jones, William | 1112 15th Street Apt H Birmingham, AL 35204 |
| Kelly, Lee | 1112 16th Street North Birmingham, AL 35204 |
| Lee, Douglas | 1112 15th Street North Apt D Birmingham, AL 35204 |
| Lovejoy, Drea Elizabeth (minor) | 1326 17th Street North Birmingham, AL 35204 |
| Lovejoy, Jacques | 1326 17th Street North Birmingham, AL 35204 |
| Lovejoy, Rodrequez (minor) | 1326 17th Street North Birmingham, AL 35204 |
| Martin, Marshele | 1108 12th Court North Birmingham, AL 35204 |
| McCloud, Betty | 1059 12th Street North Birmingham, AL 35203 |
| McDaniels, Frank | 1055 12th Street North Birmingham, AL 35203 |
| McDonald, Janice | 1317 15th Ave North Birmingham, AL 35204 |
| McKinney, JD | 1045 12th Street North Birmingham, AL 35203 |
| Mickens, Larry | 1002 12th Street North Birmingham, AL 25203 |
| Millhouse, Arb | 1112 15th Street North Apt F Birmingham, AL 35204 |
| Moore, Bobby | 1053 12th Street North Birmingham, AL 35203 |
| Moss, Mary | 1102 15th Ave North Apt C Birmingham, AL 35204 |
| Moss, Tramaine | 1100 15th Avenue North Apt G Birmingham, AL 35204 |
| Moss, Verna | 1301 16th Street North Birmingham, AL 35204 |
| Nixon, Sandra | 1113 14th Street North Birmingham, AL 35204 |
| Patterson, Loretta | 1024 12th Street North Apt B Birmingham, AL 35203 |
| Peoples, Lebarron | 1075 12th Street North Birmingham, AL 35203 |
| Plump, Aquelia | 1100 15th Avenue North Apt D Birmingham, AL 35204 |
| Rickett, Clarence | 1127 12th Court North Birmingham, AL 35204 |
| Rickett, Darian | 1127 12th Court North Birmingham, AL 35204 |
| Rickett, Jennifer | 1127 12th Court North Birmingham, AL 35204 |
| Robertson, Louis | 1043 12th Street North Birmingham, AL 35203 |
| Rowser, Barbara | 1615 11th Court North Birmingham, AL 35204 |
| Royal, Dwight | 1067 12th Street North Birmingham, AL 35203 |

| | |
|---|---|
| Rudolph, Robert | 1073 12th Street North Birmingham, AL 35203 |
| Scarborough, Bradley | 1031 12th Street North Birmingham, AL 35203 |
| Scott, Bryant | 1204 15th Ave North Birmingham, AL 35204 |
| Scruggs, Christopher | 1113 15th Street North Apt D Birmingham, AL 35204 |
| Shinnery, Arether | 1414 16th Street North Birmingham, AL 35204 |
| Simpson, Corey | 1112 15th Street North Apt L Birmingham, AL 35204 |
| Skanes, Gail | 1112 15th Street North Apt D Birmingham, AL 35204 |
| Smith, Henry | 1263 11th Street North Birmingham, AL 35204 |
| Smith, Jayla | 1128 10th Avenue North Apt K Birmingham, AL 35204 |
| Snow, Kevin | 1101 15th Street North Birmingham, AL 35204 |
| Stringer, Tyler | 1600 15th Avenue North Birmingham, AL 35204 |
| Tanner, Edwin | 1024 12th Street North Apt F Birmingham, AL 35203 |
| Terrell, Patricia | 1318 15th Avenue North Birmingham, AL 35204 |
| Turner, Edward | 1128 10th Ave North Apt A Birmingham, AL |
| Turner, Shree | 1643 5th Street North Birmingham, AL 35204 |
| Urquhart, Brandon | 1113 14th Street North Apt I Birmingham, AL 35204 |
| Urquhart, Keioca | 1113 14th Street North Apt L Birmingham, AL 35204 |
| Urquhart, Letha | 1113 14th Street North Apt B Birmingham, AL 35204 |
| Vaughner, Shelia | 1257 3rd Street North Birmingham, AL 35204 |
| Walker, Jacqueline | 1204 15th Avenue North Birmingham, AL 35204 |
| Walker, Martrina | 1500 12th Street North Apt A Birmingham, AL 35204 |
| Waters, Senata | 1606 13th Court North Birmingham, AL 35204 |
| Weatherspoon, Pamela | 1617 15th Avenue North Birmingham, AL 35204 |
| Wesley, Chaneria | 1024 12th Street North Apt E Birmingham, AL 35203 |
| Williams, Theodore | 1123 16th Street North Birmingham, AL 35204 |
| Wills, Herman | 2309 11th Place North Birmingham, AL 35204 |
| Wills, Robert | 2309 11th Place North Birmingham, AL 35204 |
| Zeigler, Charlie | 1206 10th Avenue North Apt D Birmingham, AL 35204 |

**NOTE TO CLERK:   Please Serve Summons, Complaint and Discovery by CERTIFIED MAIL, as follows:**

Defendants' Addresses:

**Granite Construction Company, Inc.**
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

**Volkert, Inc.**
c/o Corporation Service Co., Inc.
641 South Lawrence Street
Montgomery, AL 36104

**Russo Corporation**
c/o Keith A. Brown
1421 Mims Avenue SW
Birmingham, AL 35211

**Tortorigi Construction, Inc.**
c/o Joseph J. Tororigi
3801 Mary Taylor Road
Birmingham, AL 35235

**Abramson, LLC**
c/o Gregory T. Abramson
2608 Commerce Boulevard
Birmingham, AL 35210

**A.G. Peltz Group, LLC**
c/o Gregory T. Abramson
2608 Commerce Boulevard
Birmingham, AL 35210